```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


THAD C. McCRORY,

               Plaintiff,
                                          CIVIL ACTION
        vs.                               No. 05-3309-SAC

RAY ROBERTS, et al.,


               Defendants.
```

ORDER

On January 3, 2006, the court directed plaintiff to show cause why this matter should not be dismissed without prejudice for failure to exhaust all claims through the administrative grievance procedure before commencing this action.

The Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, see 42 U.S.C. § 1997e(a), and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The court's order of January 3 specifically identified two claims which did not appear to be exhausted, namely, (1) the claim that plaintiff was subjected to cruel and unusual punishment by the failure to conduct a psychological review and by refusing to allow him to be evaluated by a psychiatrist; and (2) the claim that he was denied due process by the retention of false information in his prison file, which allegedly caused him to be terminated from employment and to be classified as a prisoner requiring special management.

Plaintiff filed a response on January 17, 2006 (Doc. 9).

In response to the claim concerning access to mental health care, plaintiff refers the court to Grievance 00012888 (Doc. 1, Ex. B-2).

That grievance reads, in relevant part, as follows:

> ...I and other inmates [in segregation] have documented chronic mental illnesses of which no notice has been taken. I ... have on several occasions put in requests to mental health about problems that have recurred since I have been in segregation. I have requested to be placed back on my anxiety medication which was turned down and I was told ... I would be referred to an activity counselor for relaxation techniques. Since then, I have told mental health several times by request and in person that I have had anxiety attacks and overwhelming stress and have received no advice or attention for these problems except "Go to Seg Review and ask to

be let out."....

The court finds this grievance is insufficient to exhaust the specific claim plaintiff presents in his complaint, namely, that defendants violated his constitutional rights by failing to provide a psychological review or evaluation by a psychiatrist.   Although the grievance addresses plaintiff's requests for medication and mental health care, he does not request any specific type of medical attention. Accordingly, the grievance "did not further the purposes of the PLRA's exhaustion requirement – allowing prisons to address specific complaints internally to obviate the need for litigation, filtering out frivolous claims, and creating a useful treatment record...."  Ross, 365 F.3d at 1188.

Next, the plaintiff's claim that his rights were violated by the inclusion of erroneous information in his file was not presented through the full administrative grievance procedure. Plaintiff submitted the initial grievance approximately two weeks before he filed this civil rights action, and he did not pursue review of the response to that grievance.  Accordingly, that claim was not properly exhausted by full presentation through the grievance procedure.

For the reasons set forth, the court concludes this

3

matter presents claims which have not been fully exhausted and that the matter is subject to dismissal under <u>Ross</u>.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Doc. 2), for the appointment of counsel (Doc. 3), for service (Doc. 4), and for an interlocutory injunction (Doc. 6) and the motion to intervene (Doc. 7) filed by Ronald Murray are denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 9th day of February, 2006.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge